MANION, Circuit Judge,
concurring.
Because the court’s opinion correctly applies our controlling precedent, I join it in full. A reasonable juror could conclude from the record presented that Lieutenant Cichanowicz and Nurse McLean delayed Lewis’s treatment by more than an hour when they knew that he was in severe pain. Such a juror could infer deliberate indifference because both defendants were aware that the video feed from Lewis’s cell showed that he had not moved since 5:15 a.m., but they still chose to do nothing rather than move the extraction process along. Under our case law, that would constitute deliberate indifference.
I write separately to make two points. First, I don’t read the court’s opinion as being contingent on the length of the delay the defendants caused. On another set of facts, an hour or so delay of treatment for a similar condition may not be enough to establish deliberate indifference. The particular facts of this case—namely that Ci-chanowicz and McLean appear to have confirmed that Lewis was suffering severe pain via the video feed—are what permit Lewis to survive summary judgment. Because a jury could view these facts as establishing the reckless state of mind necessary for liability, the court is correct to send this case to trial.
Second, and more broadly, although I think the court correctly applies controlling precedent, this case is a striking example of how far we have departed from the text of the Eighth Amendment. We should not forget that the Amendment prohibits the imposition of “cruel and unusual punishment.” The deliberate indifference standard is at best tangentially related to the text. It seems quite unlikely to me that a prisoner who was taken to the hospital and entirely cured within five hours of suffering pain has endured anything “cruel and unusual” in the context of the prison system. We should eventually return to faithfully applying the text of the Constitution.
With these reservations, I concur.